UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
APPAREL SOURCING (HK) LTD., et al.,

                          Plaintiffs,

v.                                                   ORDER

TRANSFORM KM LLC, et al.,                     20-cv-04651 (PMH)

                          Defendants.
-----------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        Plaintiffs, comprised of 23 Bangladeshi and Indian suppliers, bring this action against Defendants, the "new" Sears and Kmart, alleging, *inter alia*, breach of contract, breach of implied contract, anticipatory breach of implied contract, and open book account claims arising from the parties' formation of a number of agreements for the purchase and sale of consumer goods, allegedly causing damages to Plaintiffs in excess of $41 million. (Doc. 7).

        On July 29, 2020, Plaintiffs filed a letter-motion seeking a conference in connection with an anticipated motion for an "attachment." (Doc. 13). On July 30, 2020, Defendants appeared through counsel and filed a letter-motion seeking a conference in connection with an anticipated motion to dismiss, stay the action pending arbitration, and/or transfer venue to the Northern District of Illinois. (Doc. 15). On August 5, 2020, Defendants responded to Plaintiffs' pre-motion letter, attaching a July 31, 2020 letter from Plaintiffs' counsel indicating Plaintiffs' consent to, *inter alia*, a transfer of the venue of this action. (Doc. 16-2).

        In light of Plaintiffs' July 31, 2020 letter, on August 5, 2020 the Court issued an Order to Show Cause ". . . to provide the parties notice and an opportunity to be heard, . . . on August 18, 2020 at 3:30 p.m., the parties show cause why the Court should not *sua sponte* transfer this action pursuant to 28 U.S.C. 1404(a) to the United States District Court for the Northern District

1

of Illinois, in lieu of the requested motion practice. On or before August 13, 2020, the parties may proffer any additional arguments in letters to be filed via ECF, limited to two pages in length, and submit any factual material relevant to the Court's determination, including any contracts at issue, in connection with their response to this Order to Show Cause. No 'reply' papers will be permitted." (Doc. 17).

On August 13, 2020, Plaintiffs filed a 2-page letter agreeing that venue of this action should be in the Northern District of Illinois, consenting to transfer and annexing 23 exhibits which appear to be Transform's Universal Terms and Conditions ("UTC") for each of the Plaintiffs. (Doc. 18). The UTCs, according to Plaintiffs, contain clauses consenting to jurisdiction of state and federal courts in Cook County, Illinois (e.g. section 18.9), and all state, at various sections: "…The parties hereto agree that the United States District Court for the Northern District of Illinois shall constitute a court of competent jurisdiction and that such court possesses jurisdiction and venue (and is a convenient venue) over any such arbitration award or any issues relating to such mediation or arbitration which are properly within the purview of courts, as opposed to JAMS, Inc., the mediator or arbitrator(s). Seller waives all objections to jurisdiction and venue as herein stated." UTC sections 17.6, 18.13. Defendants did not file any additional material.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice

system.'" *Id.*, citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S. Ct. 2239 (1988) (KENNEDY, J., concurring)). "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.*

A transfer here would promote the interest of justice. Moreover, the parties have now each unequivocally consented to transfer venue, asking that this Court transfer the matter to the Northern District of Illinois. In light of Plaintiffs' consent to the relief sought by Defendants, the Court cancels the hearing that it had scheduled for August 18, 2020 and *sua sponte* transfers the venue of this action to the United States District Court for the Northern District of Illinois.

The letter-motions (Docs. 13, 15) are denied without prejudice to renewal in the Northern District of Illinois. Accordingly, the Clerk of the Court is respectfully directed to transfer this action to the United States District Court, Northern District of Illinois, and administratively close this case.

SO-ORDERED:

Dated: New York, New York
      August 14, 2020

_____
Philip M. Halpern
United States District Judge